IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN W. JOSKY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:17-cv-01227 |
| ASURION CORP. et al., | ) Judge Aleta A. Trauger ) ) |
| Defendants | ) ) |

## MEMORANDUM and ORDER

Plaintiff John Josky filed a *pro se* Complaint (Doc. No. 1) that the court construed as asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and under the Americans With Disabilities Act ("ADA"). Now before the court is the plaintiff's "Response" (Doc. No. 24), which the court construes as objections to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 23), recommending that the defendants' Motion for Summary Judgment (Doc. No. 19) be granted and that this action be dismissed. The defendant has filed a Response to the objections. (Doc. No. 25.) For the reasons set forth herein, the court will overrule the objections, grant the Motion for Summary Judgment, and dismiss this case.

### I.    Procedural Background

The plaintiff filed suit on September 5, 2017. On June 15, 2018, defendants Asurion Corp. and William Baskerville filed their Motion for Summary Judgment (Doc. No. 19), along with a Memorandum in Support, Statement of Undisputed Material Facts, the complete transcript of John Josky's deposition, and the Declaration of William Baskerville. (Doc. Nos. 20, 21, 22-1,

22-2.) In their motion, the defendants argue that the claims against Baskerville must be dismissed because neither Title VII nor the ADA countenances individual liability. They argue that the claims against Asurion fail because the plaintiff cannot establish a *prima facie* case of discrimination or hostile work environment under Title VII or the ADA.

The plaintiff did not respond to the motion. After the time for doing so expired, the magistrate judge issued the R&R, recommending that the defendants' motion be granted. The magistrate judge found, based on a review of the record as a whole, that (1) an individual supervisor is not subject to liability under Title VII or the ADA unless the supervisor independently qualifies as an "employer," as that term is defined by the relevant statutory scheme, and the plaintiff failed to make any showing that Baskerville qualifies as an employer; (2) Asurion is entitled to summary judgment on the Title VII discrimination claim, because the plaintiff has not identified an adverse employment action taken by his employer or shown that he was replaced by or treated less favorably than a similarly situated person outside his protected class; (3) Asurion is entitled to summary judgment on the Title VII hostile work environment claim on the grounds that the plaintiff has not shown that he was subject to harassment that was sufficiently severe to alter the terms and conditions of his employment or to create an abusive work environment, much less that the purported harassment was based on race; and (4) the ADA claim fails because the plaintiff has not alleged the existence of a disability or presented any facts suggesting that he was regarded as disabled or that he was subject to an adverse employment action because of the perceived disability.

In reaching his conclusions, the magistrate judge expressly took into account the plaintiff's failure to respond to either the defendants' motion or their Statement of Undisputed Material Facts. The magistrate judge does not recommend judgment in favor of the defendants

on that basis, however. Instead, he concludes that the facts as set forth by the defendants should be deemed undisputed for purposes of summary judgment. Based on those undisputed facts, the magistrate judge recommends that the Motion for Summary Judgment be granted. The R&R also provided notice that any party opposing the recommendation had fourteen days within which to file written objections and that failure to file specific written objections within that time frame could constitute waiver of any further appeal of the R&R.

The plaintiff filed a "Response" to the R&R (Doc. No. 24), which the court construes as objections. These objections, however, do not actually respond to or address the findings of fact or conclusions of law set forth in the R&R. Instead, the Response appears to be an untimely response to the defendants' Motion for Summary Judgment. The plaintiff asks the court to consider "all information, and evidence in this case along with Medical records, and witness testimony." (Doc. No. 24, at 1.) He references the EEOC right-to-sue letter and states that he has five witnesses he intends to call to testify on his behalf, including the doctors and therapist from whom he was receiving treatment at the time the events in the Complaint transpired, but he does not identify what evidence these witnesses would present. He generally re-alleges the information contained in his Complaint and deposition, but he does not respond to the defendants' Statement of Undisputed Material Fact or address the legal standards set forth in the R&R.

## II.     Standard of Review

Within fourteen days after being served with a report and recommendation any "party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R.

Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The court may decline to review any objections that are not sufficiently specific "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). The Sixth Circuit has explained that this specificity requirement is necessary in order to conserve judicial resources:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). An objection that simply states a magistrate's decision is wrong is equivalent to a general objection. *Id.* at 508.

### III.   Analysis

The court interprets the plaintiff's Response as a general objection to the magistrate judge's adoption of the defendant's Statement of Material Facts and a very general objection to the recommendation that the defendant's motion be granted. Based on *Howard* and other Sixth Circuit precedent, it is clear that this court has no obligation to afford *de novo* review to any portion of R&R, as doing so would simply constitute duplication of the magistrate judge's effort.

Although *pro se* pleadings and filings are held to less stringent standards than those

drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond at all to the Motion for Summary Judgment and his failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status. The court therefore declines to conduct a *de novo* review in this case.

The court has nonetheless reviewed the Complaint, the Motion for Summary Judgment and all supporting documents, and the R&R, and detects no error of fact or law in the latter. The plaintiff's general objection, which is not, in fact, an objection at all, is without merit.

## IV. Conclusion and Order

The plaintiff's objections (Doc. No. 24) are **OVERRULED**, and the R&R (Doc. No. 23) is **ACCEPTED** and **ADOPTED** in its entirety as the court's findings of fact and conclusions of law. For the reasons stated therein, the defendants' Motion for Summary Judgment (Doc. No. 19) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

This is the final order in this case, for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

ENTER this 15th day of November 2018.

ALETA A. TRAUGER
United States District Judge